**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

STANLEY K. BURKE, ADC # 151700                                          PLAINTIFF

v.                                      1:16CV00098-JLH-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted)

was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Plaintiff, Stanley K. Burke, is an inmate of the Arkansas Department of Correction ("ADC"). He filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming Defendants were deliberately indifferent to his serious medical needs.  (Doc. No. 2.)   I previously recommended granting Defendants' Motion to Dismiss (Doc. No. 33); however, Plaintiff filed an intervening Amended Complaint raising additional facts.  (Doc. No. 39.)  Therefore, the matter was referred back to me for all pretrial matters, including a Motion to Dismiss Mr. Burke's Amended Complaint.  (Doc. Nos. 41, 43.)

The Amended Complaint alleges that, on or about May 31, 2016, Mr. Burke suffered a series of documented seizures.  (Doc. No. 39 at 1.)  Defendants Shipman and Duran placed Plaintiff on a stretcher and transported him to the infirmary.  (*Id.*)  While transporting Plaintiff, a security door slammed against his head causing him to experience a detached retina.  (*Id.* at 1-2.)  Plaintiff identifies a whole host of individuals that are also culpable because of the "'tacit authorization' and the known awareness of these violative practices . . ." (*Id.* at 3.)  He also alleges Defendants Hearyman and Rohder were deliberately indifferent to his serious medical needs when they would not order an MRI to diagnose his cervical disc damage because he did not have enough time left in prison to justify it.  (*Id.* at 3-4.)

2

Now pending is Defendants Hearyman, Rohder, Hall-Reed, Murray, Shipman, and Duran's Motion to Dismiss. (Doc. No. 41.) Plaintiff has not responded but the matter is ripe for disposition. After careful consideration of the pleadings in this matter, for the following reasons I find Defendants' Motion should be granted. Additionally, after carefully screening[1] Plaintiff's Amended Complaint, I find all remaining Defendants should also be dismissed.

## II.    STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

---

[1]The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

### III.    ANALYSIS

The Eighth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain").

The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Defendants correctly argue that Plaintiff generally makes rambling and conclusory allegations devoid of any facts. (Doc. No. 42.) His Amended Complaint only mentions factual allegations against Defendants Shipman, Duran, Downey, Hearyman, and Rohder. Plaintiff mentions by name but alleges no facts to support any claims against Defendants Sergeant Queen, Stephen Williams, Major Keith Day, Marjorie Hall-Reed, Lisa Murray, and Does 1-3. (Doc. No. 39 at 1, 3.) Defendants Williams, Day, Hall-Reed, and Murray were previously dismissed or recommended for dismissal for that reason (Docs. No. 7, 12, 33). Defendants Sergeant Queen, Stephen Williams,

4

Major Keith Day, Marjorie Hall-Reed, Lisa Murray, and Does 1-3 should now be dismissed on that basis alone.

And even giving Plaintiff all benefit of the doubt, I find no constitutional claim of deliberate indifference against any defendant. Even if the allegations pled in Mr. Burke's Amended Complaint are all true, Plaintiff wholly fails to show conduct rising to the level of constitutional deliberate indifference.

While I am sympathetic to the fact that Plaintiff appears to have suffered a serious injury, *at best*, Mr. Burke has stated claims of only negligence. And, as such, these claims are simply not actionable under section 1983. *See Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005) (negligence, even gross negligence, not actionable under section 1983).

The same is true with Mr. Burke's claim about being denied an MRI. He has stated nothing to allege such a requested test was in any way necessary. So I agree with Defendants that this claim is nothing more than a disagreement about treatment. "A showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Additionally, Plaintiff's claims of supervisory responsibility, including a claim against the Doe Defendants and Lt. Downey having "direct supervision of 'C' Shift," (*id.* at 1), fail to state a claim upon which relief may be granted. Any claim based solely on a theory of *respondeat superior* should be dismissed. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory unavailable under § 1983). Mr. Burke's allegations that Defendants violating prison policy should likewise be dismissed. *Hughes v. Lee County Dist. Court*, 9 F.3d 1366, 1367 (8th Cir. 1993) (assertion that state violated its own procedural guidelines does not state a federal claim); *Valiant-Bey v. Morris*, 829 F.2d 1441, 1444 n. 5 (8th Cir. 1987) (§ 1983 claim cannot be premised

on violation of state regulation).  And Plaintiff's false disciplinary claim against Lt. Downey is an additional unrelated claim unsuited to prosecution in this action.  *See* Fed. R. Civ. P. 20(a)(2).

Accordingly, based on the foregoing, I find Plaintiff has failed to state actionable claims for deliberate indifference against any of these Defendants.  So Defendants' Motion to Dismiss should be GRANTED and this cause of action should be dismissed based on the Motion and pursuant to the Court's screening Plaintiff's Amended Complaint.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      Defendants Sergeant Queen, Stephen Williams, Major Keith Day, Marjorie Hall-Reed, Lisa Murray, and Does 1-3 be dismissed for failure to state a claim upon which relief may be granted.

2.      Defendants' Motion to Dismiss (Doc. No. 41) be GRANTED and this cause of action be DISMISSED for failure to state a claim upon which relief may be granted.

3.      All pending motions be rendered moot.

4.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

5.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[2]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

Dated this 6th day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE